# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. **CR02-4025-DEO** |
| vs. | |
| MARKIS J. REVLAND, | **ORDER** |
| Defendant. | |

_____

*Introduction*

On April 30, 2013, defendant filed a renewed motion to terminate supervised release (Doc. No. 108), with various supporting documents (collectively the "Renewed Motion"). He also filed a separate motion (Doc. No. 106) for leave to file the Renewed Motion under seal (the "Motion to Seal"). The Motion to Seal states that the Renewed Motion should be placed under seal "on the grounds [of] the sensitive nature of the case, including but not only the nature of the Defendant's conviction."

After reviewing the Renewed Motion, and the statements made in the Motion to Seal, I could not discern any legitimate basis for sealing the Renewed Motion. Among other things, I took note of the fact that the docket for this case already contains numerous public filings that include details of defendant's conviction. I authorized the Clerk to file the Renewed Motion under seal on a provisional basis and directed defendant to file a brief in support of the Motion to Seal. Defendant submitted that brief (Doc. No. 118) on May 13, 2013.

*Analysis*

The public has a "general right to inspect and copy public records and documents, including judicial records and documents." *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)); *see also* Local Rule 1(n). This presumption of access, however, is not absolute. Some documents are automatically withheld from public disclosure by statute, rule or administrative order.[1] Defendant does not contend the Renewed Motion falls within any such provision.

With regard to other documents, the court has inherent supervisory power over its own files and records and may restrict disclosure if competing interests outweigh the public's right of access. *Webster Groves Sch. Dist. v. Pulitzer Publ'g Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990). The Eighth Circuit has cautioned that "only the most compelling reasons can justify non-disclosure of judicial records." *In re Neal*, 461 F.3d at 1053 (quoting *In re Gitto Global Corp.*, 422 F.3d 1, 6 (1st Cir. 2005)).

> Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes. For example, the common-law right of inspection has bowed before the power of a court to insure that its records are not used to gratify public spite or promote public scandal …. Similarly, courts have refused to permit their files to serve as reservoirs of libelous statements for press consumption.

*Id.* (quoting *Nixon*, 435 U.S. at 598).

As noted above, my initial review of the Renewed Motion did not reveal any compelling reason to disturb the presumption of public access. As such, I asked defendant to submit a brief in hopes that he would identify specific information in the Renewed

---

[1] *See, e.g,* Administrative Order No. 1509 (January 8, 2002) (presentence investigation report must be filed and maintained under seal); 18 U.S.C. § 3153(c)(1) (pretrial services reports are not public record and shall remain confidential).

Motion and explain why it is inappropriate for that information to be available to the public. I made it clear in my order (Doc. No. 107) that he could file his brief under seal so as to encourage candor in highlighting and discussing the allegedly-sensitive portions of the Renewed Motion.

Unfortunately, defendant's brief is not helpful. It does not even address the contents of the Renewed Motion. Instead, it contains a generalized argument that inmates convicted of certain offenses are at an increased risk of suffering assaults while incarcerated. I have no reason to doubt that this assertion is, unfortunately, correct. However, the accuracy of the assertion says nothing about the specific issue presented here. Indeed, the assertion proves too much. If the fact that being convicted of certain charges places an inmate at greater risk justifies the sealing of court records, then virtually every filing in every case involving those charges would be withheld from public access. Arguing that inmates convicted of certain offenses are more likely to suffer assaults in prison does nothing to advance an argument that the specific information contained in a specific filing in this case should be kept under seal.

After another thorough review of both the Renewed Motion and the prior filings in this case that are already available to the public, I remain entirely unconvinced that any reason, let alone a "compelling reason," exists for sealing the Renewed Motion. It contains no material information that is not already available in other public filings. The motion itself (Doc. No. 108) consists of one page and contains no potentially-sensitive information. While the supporting brief (Doc. No. 108-1) begins with a summary of defendant's conviction and various post-conviction events, this information is not particularly sensitive and, in any event, is largely available in other public filings, such as Judge O'Brien's order (Doc. No. 41) of December 27, 2011. The remainder of the brief contains legal arguments concerning the interplay between supervised release and civil

commitment. Meanwhile, the attachments to the brief (Doc. Nos. 108-2, 108-3 and 108-4) are simply briefs that have been filed in a separate case pending in the Eighth Circuit Court of Appeals. Defendant does not claim that those briefs were filed under seal or, for some other reason, are too sensitive to be made available to the public in this case.

Having given defendant a full opportunity to explain his request, I find that this is not even a close call. While the Renewed Motion may contain information that is not favorable to defendant, that information is (a) already public and, in any event, (b) not so sensitive or scandalous that compelling reasons exist to overcome the presumption of public access. As such:

1. Defendant's motion to seal (Doc. No. 106) is **denied**. The Clerk shall unseal defendant's renewed motion to terminate supervised release (Doc. No. 108) along with the supporting brief (Doc. No. 108-1) and its attachments (Doc. Nos. 108-2, 108-3 and 108-4).
2. Defendant's brief in support of motion to seal (Doc. No. 118) shall remain under seal.

**IT IS SO ORDERED.**

**DATED** this 15th day of May, 2013.

_____
LEONARD T. STRAND
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT